**HAEMONETICS, CORP., Plaintiff,**

v.

**FENWAL, INC., Defendant.**

**Civil Action No. 09–12107–NMG.**

United States District Court,
D. Massachusetts.

Feb. 9, 2010.

James W. Matthews, Margaret H. Paget, Peter F. Herzog, Sherin and Lodgen

LLP, Boston, MA, Deepro Mukerjee, Thomas J. Parker, Alston and Bird LLP, New York, NY, Jivani Kamran, Alston and Bird LLP, Atlanta, GA, for Plaintiff.

Daniel J. Gleason, Heather B. Repicky, Timothy D. Johnston, Nutter, McClennen & Fish, LLP, Boston, MA, Gregory A. Castanias, Jones Day, Washington, DC, John J. Normile, Jones Day, New York, NY, for Defendant.

## ORDER

GORTON, District Judge.

On December 14, 2009, Plaintiff Haemonetics, Corp. ("Haemonetics") brought suit against Defendant Fenwal, Inc. ("Fenwal") alleging infringement of U.S. Patent No. 6,705,983 (the "'983 Patent"). Four days after Haemonetics filed its complaint, Fenwal moved for summary judgment that its redesigned ALYX System separation cups do not infringe the '983 Patent either literally or under the doctrine of equivalents. Haemonetics responded to Fenwal's motion by requesting a 90–day extension of time in order to conduct necessary discovery.

In an order dated January 14, 2010, the Court allowed Haemonetics' motion for an extension of time on the condition that it submit a sworn affidavit, pursuant to Fed. R.Civ.P. 56(f), explaining why it is currently unable to marshal the facts necessary to mount an opposition to Fenwal's summary judgment motion. Haemonetics submitted the requested affidavit on January 27, 2010, and Fenwal responded the following week by filing a 20–page brief which is, in essence, an opposition to plaintiff's request for limited discovery pursuant to Fed. R.Civ.P. 56(f).

The Court has considered Haemonetics' affidavit (and Fenwal's exhaustive objections thereto) and is satisfied that the affidavit complies with the strictures of Rule 56(f). Haemonetics has met its burden of demonstrating 1) good cause for its inability to have discovered the facts necessary to oppose Fenwal's motion, 2) a plausible basis for believing that *limited* additional facts material to the determination of the motion can be discovered within a reasonable time and 3) how those facts, if obtained, would raise a genuine issue of material fact. *See Rivera–Torres v. Rey–Hernandez,* 502 F.3d 7, 10 (1st Cir.2007).

Haemonetics will therefore be permitted a *limited* period of discovery in which to obtain information necessary to respond to Fenwal's motion. The scope of permissible discovery will be restricted to those issues that are directly related to Fenwal's summary judgment motion, namely 1) the physical modifications to the redesigned ALYX cups, 2) the development and testing of the design modification, 3) Fenwal's determination of how the modification complies with United States Food and Drug Administration ("FDA") standards and 4) Fenwal's communications with the press, blood centers and the FDA about the modification.

Haemonetics' Rule 56(f) proffer is, therefore, accepted and the conditional scheduling order entered on January 14, 2010, is now confirmed as follows:

1) Plaintiff may conduct *limited* discovery which will be completed on or before April 15, 2010, during which time Defendant's motion for summary judgment will be held under advisement;

2) Plaintiff shall file its opposition to Defendant's motion for summary judgment on or before April 30, 2010, and Defendant may reply, if it so chooses, on or before May 15, 2010.

**So ordered.**